**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| NATIONAL AUSTRALIA BANK, LTD., Plaintiff, | |
| v. | No. 99-690 C |
| THE UNITED STATES, Defendant. | (Senior Judge Bruggink) |

**DEFENDANT'S UNOPPOSED MOTION FOR AUTHORIZATION OF SERVICE OF SUBPOENAS MORE THAN 100 MILES FROM THE PLACE OF TRIAL**

Pursuant to Rule 45(b)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the Court to enter an Order authorizing the issuance of subpoenas to compel Ernest Antczak, Martin Eisenberg, Lawrence Gladchun, Stephen Lower, and Lars Viitala, to travel more than 100 miles to testify at trial in Washington, D.C. We consulted with plaintiff's counsel, who informed us that our motion is not opposed, and that counsel agrees to accept service for persons represented by plaintiff's counsel (Ernest Antczak and Lawrence Gladchun).

Good cause exists for the issuance of subpoenas for these individuals, who will be listed upon defendant's witness list to be filed pursuant to the Court's October 10, 2006 order concerning pretrial procedures. These witnesses may be called by defendant, and their presence at trial may be necessary for defendant to present its case. These witnesses are not employees of defendant, and they reside at least 100 miles from Washington, D.C.

## I. This Court's National Jurisdiction Provides The Basis For Granting This Motion

The Court of Federal Claims is a Court of nationwide jurisdiction governing cases which arise throughout the United States. See, e.g., Adrienne Village v. United States, 25 Cl. Ct. 457, 461 n.3 (1992); Johnson City Med. Ctr. Hosp. v. United States, 20 Cl. Ct. 515, 516 (1990); see also RCFC 45, Rules Committee Note. Unlike litigants appearing in the Federal district courts, parties appearing before this Court must have greater latitude to subpoena trial witnesses outside 100 miles from the courthouse. Compare Fed. R. Civ. P. 45 with RCFC 45. Therefore, this Court's nationwide jurisdiction establishes the basis for granting such authorization. Without such authority, the defense of our case will be greatly prejudiced, as we will be unable to present important testimony.

## II. Good Cause Exists to Grant Authority To Issue A Trial Subpoena

We have demonstrated good cause for authority to issue the subpoenas. We may need to call these witnesses at trial to present our case as well as respond to plaintiff's case. These witnesses are not current employees of the defendant. These witnesses reside and are employed at least 100 miles away from Washington, D.C. These factors are sufficient to establish that good cause exists.

Accordingly, defendant respectfully requests the Court to authorize the issuance of subpoenas to require Ernest Antczak, Martin Eisenberg, Lawrence Gladchun, Stephen Lower, and Lars Viitala to travel more than 100 miles to testify at to the place of trial.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

DAVID M. COHEN
Director

JEANNE E. DAVIDSON
Deputy Director

SCOTT D. AUSTIN
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C.
Tel: (202) 514-7300

Attorneys for Defendant

OF COUNSEL:
JEFFREY T. INFELISE
BRIAN A. MIZOGUCHI
Trial Attorneys

January 8, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2007, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AUTHORIZATION OF SERVICE OF SUBPOENAS MORE THAN 100 MILES FROM THE PLACE OF TRIAL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Scott D. Austin
Scott D. Austin