# Summary of MNC's June 17, 1994 Proposal to the FDIC Regarding Termination of Assistance Agreement

## Promissory Note

The Promissory Note may be paid in full by the FDIC on or after the close of business on September 30, 1994.

## Assistance Agreement Termination

- Except as provided for herein, the Assistance Agreement will be terminated on the close of business on September 30, 1994. Thereafter, Independence One Bank of California, FSB (IOBC) will not be entitled to receive any further assistance from the FDIC (including its right to receive Deposit Spread Amounts) and the FDIC will not be entitled to any future payments from MNC and/or IOBC (including its rights under Section 32 of the Assistance Agreement).

- With respect to tax sharing, the provisions of Section 9 will not apply to, and the FDIC shall surrender its rights to receive tax sharing payments for, any taxable years beginning after December 31, 1993.

- The FDIC shall be entitled to a credit to the Special Reserve Account (SRA) on September 30, 1994 for an amount equal to the sum of (A) 35.0% of the debits made to the SRA during 1994 under Section 3(a)(2) of the Assistance Agreement, and (B) 8.750% of the sum of (i) the interest earned on the Promissory note for the period from January 1, 1994 to September 30, 1994, and (ii) the debits made to the SRA during 1994 under Section 3(a)(11) less credits made to the SRA under section 3(b)(1) of the Assistance Agreement.

- The pre-acquisition NOL carryfoward of IOBC and its subsidiaries as of December 31, 1993 will be reduced by 50%

- All outstanding unresolved claims under the Assistance Agreement or the Promissory Note, including MNC's claim for compensation due for early prepayment of note principal and the FDIC's claim regarding subsidiary tax benefits, will be waived by both parties.

- The FDIC shall have the right to review MNC's tax sharing computations for calendar years 1991 through 1993; however, the FDIC will not be allowed to raise any issues relating to (i) any subsidiary tax benefit, including utilization of subsidiary NOL carryfowards, or (ii) tax benefits associated with bad debt reserves.

PLAINTIFF'S EXHIBIT 9

PENGAD 800-631-6989

MNB047_C125

*WC- Internal Use Only*

- MNC/IOBC expressly reserves any and all claims, including breach of contract claims, it may have with respect to the benefits of losses specifically covered by the provisions of Section 13224 of the Revenue Reconciliation Bill of 1993, and nothing done in connection with the termination of the Assistance Agreement will in any way be construed to eliminate or diminish in any way its rights to such claim.

**Survival of Certain Provisions of the Assistance Agreement**

- The provisions of Sections 7, 9(j) and 9(l) will survive the termination of the Assistance Agreement.
- With respect to any future payments made to IOBC under Section 7, MNC/IOBC agrees that such payment will be 65% of the amount otherwise required to be paid by the FDIC.
- For all purposes, including for purposes of Section 9(j) and 9(l), MNC/IOBC shall be treated as having paid the FDIC 50% of the Net Tax Benefits associated with MNC's December 31, 1993 NOL and AMT Credit carryfowards.
- To the extent that MNC/IOBC is required to pay the Federal Government any additional Alternative Minimum Tax (AMT) for any taxable years beginning after 1988 (and provided the federal tax laws allow such AMT tax to be creditable against future regular federal income tax liability), MNC/IOBC agrees that its right to an indemnification payment for the FDIC's share of the AMT Tax under Section 9(j) is waived. Notwithstanding this waiver, MNC/IOBC shall be entitled to receive any interest and/or penalty indemnification payment it has a right to under the provisions of Section 9(j) as well as other expense indemnification payments under Section 9 (l) which result from any additional AMT liability it may incur.

**Cash Payments**

Cash payments will be made for: (1) the outstanding Promissory Note balance plus accrued interest, (2) the normal settlement of the third quarter SRA balance, and (3) tax sharing payment for 1993. No additional cash payments are contemplated by this proposal.