IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NATIONAL AUSTRALIA BANK, LTD., Plaintiff, | ) | No. 99-690 C |
| v. | ) | (Senior Judge Bruggink) |
| THE UNITED STATES, Defendant. | ) | |

**JOINT STIPULATIONS OF PRE-TRIAL AND TRIAL PROCEDURES**

1. All documents produced are presumed authentic other than handwritten notes. Documents produced are all documents produced by the parties and third parties in discovery and documents identified on a party's trial exhibit list. The presumption of authenticity may be rebutted by appropriate evidence. Handwritten notes contained within the documents identified in the parties' exhibit lists are presumed to be authentic. Handwritten notes include documents that are entirely handwritten and handwritten marginalia on typed or printed documents.

2. The parties hereby stipulate that the following documents, including, but not limited to the handwritten notes and marginalia appearing therein, were originally produced by plaintiff to defendant and bates-stamped by the parties to this litigation as indicated below, and are authentic copies of the original documents prepared by representatives of plaintiff, relating to the September 1994 negotiation of a termination agreement between Michigan National Corporation and Independence One Bank of California, FSB and the Federal Deposit Insurance Corporation:

1. DX26, MNB100-00339 through MNB100-00347 (PMI088 0339 - PMI088-0347)(handwritten notes "9/8/94 Mtg @ FDIC w/ E. Antczak . . . Tom Dwyer");

2. DX25, MNB047-01924 through MNB047-01926 (PMI074 1924 - PMI074-1926)(typewritten and handwritten notes "9/8/ . . . business issues . . . ");

3. DX27, MNB100-00265 through MNB100-00268 (PMI088 0265 - PMI088-0268)(handwritten notes "9/9/94 Mtg @ FDIC w . . . Ernie . . . Tom Dwyer");

4. DX63, MNB047-01927 through MNB047-01929 (PMI074 1927 - PMI074-01929)(typewritten and handwritten notes "Business Issues");

5. DX39, MNB102-0242 through MNB102-0244 (PMI086-1027 - PMI086-1029)(memorandum from Mel Garbow to Tom Dwyer with handwritten annotations stipulated by the parties to be annotations of Mr. Dwyer);

6. PX 12, MNB102-0001 through MNB102-0069 ("Work Copy" of September 1, 1994 cover letter and termination agreement draft sent to Ernest Antczak and Thomas Dwyer, with handwritten annotations stipulated by the parties to be annotations of Mr. Dwyer).[1]

The parties also stipulate that they shall not object to the admissibility of these documents in the event that either party seeks to move their admission into evidence.

3. If a witness, listed in a party's witness list, is necessary to support or negate the admissibility of a document to which an objection has been made, the party may call or recall, as the case may be, that witness to testify concerning the factual foundation relating to the admissibility of the document.

4. In addition to service under RCFC 5, any notice or document required to be served upon an opposing party [under these stipulations] shall be served by hand or facsimile no later than 6:00 pm on the date it is due. Nothing in this paragraph shall shorten the times for serving demonstrative exhibits specified in paragraph 5. For purposes of service upon an

---

[1] PX12, although in typewritten part prepared by the FDIC, is stipulated to be an authentic copy of plaintiff's "Work Copy" bearing the handwritten annotations of plaintiff's representative, Thomas Dwyer).

opposing party, the following addresses shall be used:

RYAN SCARBOROUGH
Williams & Connolly LLP
725 12th Street, N.W
Washington, D.C. 20005
(202) 434-5173
(202) 434-5029 (fax)

(Attorney for Plaintiffs)

SCOTT D. AUSTIN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W. Rm. 7018
Washington, D.C. 20005
Tel. (202) 616-0317
Fax: (202) 305-7643

(Attorney for Defendant)

5. A party shall serve by hand two copies of each demonstrative exhibit it intends to use with respect to a witness no later than 72 hours prior to use, and shall also serve a color copy by emailed PDF to counsel of record. If a demonstrative exhibit is served after business hours, it may be served by emailed PDF, with concurrent telephonic notice or voice mail to counsel of record of such transmittal, and hand delivery of two copies of the demonstrative the following morning, provided, that when next-morning service of two hard copies would fall upon a Saturday or Sunday, the serving party shall arrange with counsel of record for the party to be served by a mutually acceptable means of service.

6. Additions may be made to a party's final exhibit list only upon a showing of good cause, or consent of the other party. Amendments to the exhibit list shall preserve, insofar as

possible, the numbering of exhibits as that numbering appears in the party's current exhibit list.

7. Each party may move at trial to introduce into evidence exhibits from the final exhibit list of the other party, provided, that a party's removal of an exhibit from its own exhibit list shall not preclude the other party from introduction into evidence of such removed exhibit.

8. In addition to providing the list of witnesses required by Appendix A, no less than seven calendar days prior to each trial week, which shall be defined to begin on a Monday, the party presenting its case shall notify the other party of the names of the witnesses it expects to testify during that trial week, together with the order in which the witnesses are expected to testify. Each party shall promptly notify the other parties of any unexpected changes in the order of witnesses. Changes in the order of witnesses shall be permitted only by consent, or upon a showing of good cause.

9. Except as provided in paragraphs 1 and 2 above, nothing in this stipulation shall be construed as an agreement concerning the admissibility of any document at trial, or an agreement concerning the applicability of any Rule of Evidence other than the Rules governing authenticity of documents.

10. Each party may exceed the scope of the direct examination. This will not impact defendant's ability to file a Rule 52(c) motion.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

DAVID M. COHEN
Director

/s Jeanne E. Davidson
JEANNE E. DAVIDSON
Deputy Director

/s Scott D. Austin
SCOTT D. AUSTIN
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530

Tel: (202) 616-0317
Fax: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
ELIZABETH A. HOLT
BRIAN A. MIZOGUCHI
Trial Attorneys

January 25 2007

/s Ryan Scarborough
PAUL MARTIN WOLFF
RYAN SCARBOROUGH
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5173
(202) 434-5029 (fax)

Attorneys for Plaintiff
National Australia Bank Ltd.

January 25, 2007