**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| NATIONAL AUSTRALIA BANK, LTD.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 99-690 C<br>(Senior Judge Bruggink) |

**STIPULATION OF DISMISSAL**

For the purpose of disposing of plaintiff's claims without any further judicial proceedings, the parties have entered into a Settlement Agreement, a copy of which is attached, and therefore pursuant to Rule 41(a)(1)(ii) of the Rules of the Court of Federal Claims, the parties have agreed and hereby stipulate that this action is dismissed with prejudice, with each party to bear its own fees, costs and expenses.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

SCOTT D. AUSTIN
Trial Attorney
Commercial Litigation
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, NW
Washington, D.C. 20530

Tel. (202) 616-0317
Fax. (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
ELIZABETH A. HOLT
BRIAN A. MIZOGUCHI
Trial Attorneys

March 14, 2007

PAUL MARTIN WOLFF
RYAN SCARBOROUGH
Williams & Connolly LLP
725 12th Street, N. W.
Washington, D.C. 20005
(202) 434-5173
(202) 434-5029 (fax)

Attorneys for Plaintiff
National Australia Bank Ltd.

March 14, 2007

# ATTACHMENT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NATIONAL AUSTRALIA BANK, LTD.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 99-690 C<br>(Senior Judge Bruggink) |

**SETTLEMENT AGREEMENT**

For the purpose of disposing of plaintiff's claims, without any further judicial proceedings, and without there being any trial, or further adjudication of any issue of law or fact, and without constituting an admission of liability on the part of the defendant, and for no other purpose, the parties stipulate and agree as follows:

1. The parties to this agreement (the "Agreement") are plaintiff National Australia Bank, Ltd. ("NAB") and defendant United States of America (the "United States").

2. Pursuant to a 1988 agreement with the Federal Savings and Loan Insurance Corporation ("FSLIC") ("assistance agreement"), Michigan National Corporation ("MNC") acquired Beverly Hills Federal Savings Bank ("Beverly Hills"). The assistance agreement provided for the sharing of tax benefits, including tax benefits attributable to tax deductions taken for asset losses covered by the assistance agreement's provision for reimbursing such losses ("covered asset losses").

3. In 1993, Congress enacted Section 13224 of the Omnibus Budget and Reconciliation Act of 1993, Pub. L. No. 103-66 (August 10, 1993), 107 Stat. 312 ("OBRA"), which generally provided that any FSLIC assistance with respect to covered asset losses must be taken into account as compensation for such loss.

4. As of September 29, 1994, MNC and the Federal Deposit Insurance Corp. ("FDIC"), as successor to the FSLIC and manager of the FSLIC Insurance Fund ("FRF")), entered into an agreement terminating the assistance agreement ("termination agreement").

5. In 1999, MNC and its subsidiary Michigan National Bank, F.S.B[1] ("plaintiff") filed a complaint in the United States Court of Federal Claims alleging, among other things, that the enactment of OBRA retroactively eliminated a tax deduction for covered asset losses and breached the terms of a contract with the United States, causing plaintiff to suffer damages.

6. NAB acquired MNC in February 1995 and, thus, became successor in interest and, through the trial court's granting of a motion, became the plaintiff in this litigation.

7. The Court found the government liable for breach of an implied contractual duty of good faith and fair dealing as a result of the enactment of the Guarini legislation. See Nat'l Australia Bank v. United States, 55 Fed. Cl. 782 (2003) ("NAB I").

8. The Court granted NAB summary judgment in the amount of $27,101,530 in damages. Nat'l Australia Bank v. United States, 63 Fed. Cl. 352 (2004) ("NAB II").

9. Defendant appealed the Court's liability and damage decisions, and the United States Court of Appeals for the Federal Circuit reversed the trial court's grant of NAB's summary judgment motion on the quantum of damages and remanded to the trial court for consideration of extrinsic evidence relevant to determining the true intentions of the parties in drafting the termination agreement. Nat'l Australia Bank v. United States, 452 F.3d 1321, 1329 (Fed. Cir. 2006) ("NAB III"). The court of appeals concluded that the trial court had erred in concluding that the termination agreement was unambiguous in providing that MNC would only

[1] Michigan National Bank was the successor to Beverly Hills.

share 25 percent of tax benefits because "the Termination Agreement is ambiguous." Id. at 1328.

10. The court of appeals remanded this case with instructions to consider extrinsic evidence relating to the issue of the amount by which any tax benefit sharing obligation would reduce MNC's net damage recovery.

11. The parties subsequently entered into negotiations designed to resolve amicably NAB's claims. NAB has offered to settle this case in exchange for a payment by the United States to NAB in the amount of $22,500,000 ("Settlement Payment"), inclusive of interest, with each party to bear its own costs, attorney fees, and expenses.

12. NAB's offer has been accepted on behalf of the Attorney General.

13. Upon payment to NAB of the Settlement Payment, NAB shall join with the United States in stipulating to the dismissal of this lawsuit with prejudice.

14. Upon payment to NAB of the Settlement Payment, NAB releases, waives, and abandons all claims against the United States, its political subdivisions (including, for purposes of this settlement agreement, the FDIC and FDIC Manager), its officers, agents, and employees, arising out of or relating to the assistance agreement; the termination agreement; the contract found to have been breached in NAB I, or otherwise involved in this case, regardless of whether such claims were included in the complaint, including, but not limited to, any claims for costs, expenses, attorney fees, interest, or damages of any sort.

15. This Agreement is in no way related to or concerned with income or other taxes for which NAB is now liable or may become liable in the future.

16. NAB warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. NAB further warrants and represents that it is the

sole owner of claims that were or that could have been advanced in this suit, and that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims that were or that could have been advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this agreement shall be refunded promptly by NAB, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes payment.

17. This agreement is for the purpose of settling this case, and for no other. Accordingly, this agreement shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this agreement.

18. Plaintiff's counsel represents that he has been and is authorized to enter into this agreement on behalf of NAB.

19. This document constitutes a complete integration of the agreement between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

AGREED TO:

NATIONAL AUSTRALIA BANK, LTD.

PAUL MARTIN WOLFF
RYAN T. SCARBOROUGH
Williams & Connolly LLP
725 12th Street, N.W
Washington, D.C. 20005
(202) 434-5173
(202) 434-5029 (fax)
Authorized Representative of the
National Australia Bank, Ltd.

DATED: 3/14/07

UNITED STATES OF AMERICA

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director
Authorized Representative of
the Attorney General

SCOTT D. AUSTIN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, NW
Washington, D.C. 20005
Tel: 202.616.0317
Fax: 202.305.7643

OF COUNSEL:
THOMAS BAHLO
Federal Deposit Insurance Corp.

DATED: 3/14/07

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2007, a copy of the foregoing "STIPULATION OF DISMISSAL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Scott D. Austin
Scott D. Austin